IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **AUGUSTINA ESTEBAN**, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **BARTS & DUNTON CLEANERS, INC. A/K/A REGENCY CLEANERS**, **CHI WOON KIM**, individually, and **SUNNY KIM**, individually, <br><br> Defendants. | No.   15 CV 9725 <br><br> Magistrate Judge Finnegan |

## JOINT MOTION TO APPROVE SETTLEMENT

By and through their respective attorneys of record, the plaintiff and the defendants jointly move this Court to approve their settlement agreement. In support, they state as follows.

1. The plaintiff brought the captioned case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*.

2. The plaintiff alleged that the defendants violated the FLSA and the IMWL by failing to pay the plaintiff overtime compensation at the time and one-half rate, and by failing to pay the plaintiff at a rate not less than the applicable minimum wage rates.

3. The defendants deny that they violated the FLSA, the IMWL and/or any other statutes or laws; and the defendants have alleged defenses that they contend would defeat the plaintiff's claims.

4. In order to avoid the expense and inconvenience of protracted litigation, the parties have reached a settlement agreement after good faith negotiation in the context of a face-to-face settlement conference with counsel and the parties.

5. The parties agree that their settlement constitutes a fair resolution to a bona fide dispute over wage and hour claims asserted by the defendants under the FLSA and the IMWL.

6. In order to effectuate a valid and enforceable release of the defendants' claims for unpaid wages under the FLSA the IMWL and, potentially, other laws, Court approval of the settlement agreement is required. *See O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047 (N.D. Ill. 2002).

7. The parties' fully executed settlement agreements are submitted for inspection as group **Exhibit 1**.

8. Submitted as **Exhibit 2** is a draft order approving the settlement and dismissing the case with prejudice and without costs.

WHEREFORE, the plaintiffs and the defendants jointly pray that this Court will enter the order attached as **Exhibit 2**.

Respectfully submitted,

/s/John W. Billhorn (by permission)
Attorney for the Plaintiff

Billhorn Law Firm
53 West Jackson Blvd., Suite 840
Chicago, IL 60604-3606
(312) 853-1450

/s/Paul Luka
Attorney for the Defendants

Paul Luka
Law Office of Paul Luka, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 971-7309

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Barts & Dunton Cleaners, Inc., Chi Woon Kim, and Sunny Kim (severally and collectively "Defendants") on the one hand, and Augustina Esteban and her heirs, executors, administrators, successors, and assigns ("Plaintiff") on the other hand, (together with Defendants, the "Parties"), enter into the following Settlement Agreement and General Release ("Agreement"):

WHEREAS, on October 30, 2015, Plaintiff filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, (the "Court") against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, the Portal-to-Portal Act, 20 U.S.C. 251 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 829 ILCS 105/1 *et seq.*, and through which Plaintiff sought to recover damages on behalf of herself and on behalf of a class and/or collective comprised of other individuals allegedly similarly situated to her ("the Lawsuit");

WHEREAS, Defendants deny that Plaintiff is owed any amounts under the FLSA, the IMWL or any other statute, ordinance or law;

WHEREAS, the Parties to this Agreement desire to fully and finally resolve all claims that Plaintiff has or may have against Defendants;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Monetary Consideration.** In consideration for Plaintiff's promises under this Agreement, and complying with its terms, Defendants agree to pay Plaintiff and her attorneys the total amount of Fifteen Thousand Dollars ($15,000.00) in three, monthly installments of $5,000.00 each, paid and distributed according to the following schedule:

|  | Date Due | Payable to Plaintiff | Payable to "Billhorn Law Firm" | TOTAL |
|---|---|---|---|---|
| Installment 1 | 8/1/2016 | $0.00 | $5,000.00 | $5,000.00 |
| Installment 2 | 9/1/2016 | $5,000.00 | $0.00 | $5,000.00 |
| Installment 3 | 10/1/2016 | $0.00 | $5,000.00 | $5,000.00 |
|  |  |  |  |  |
| TOTAL |  | $5,000.00 | $10,000.00 | $15,000.00 |

The consideration set forth above shall be provided to the Billhorn Law Firm only after Plaintiff delivers all of the following documents and items to counsel for Defendants:

(1) a copy of this Agreement executed by each the Plaintiff; and

(2) an order entered by the Court approving this Agreement in accordance with Paragraph 7 below.

Defendants make no representation or warranty to Plaintiff or her attorneys regarding the tax treatment or consequences of any payment made pursuant to this Agreement by the Internal Revenue Service or any other governmental taxing authority. Plaintiff will pay any and all taxes owed by Plaintiff arising out of the Settlement Payment described herein.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that she and her attorneys would not receive the monies and/or benefits specified in Section 1 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

3. **Plaintiff's Release of Claims.**

a. **General Release of All Claims** Plaintiff knowingly and voluntarily releases and forever discharges Barts & Dunton Cleaners, Inc., Chi Woon Kim, Sunny Kim, and any and all owners or shareholders of Barts & Dunton Cleaners, Inc., and Barts & Dunton Cleaners Inc.'s current and former employees, attorneys, officers, directors, subsidiaries, divisions, predecessors, insurers, successors and assigns, including both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or un-asserted, including but not limited to those which Plaintiff brought or could have brought against Releasees in the Lawsuit and which Plaintiff has or may have against Releasees which arise under the FLSA, the IMWL and the Portal-to-Portal Act, as well as any other claims against Releasees relating to her employment including, but not limited to any claims related to her employment or separation of employment from Defendants and any claims based on the following:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Fair Labor Standards Act ("FLSA");
- The Equal Pay Act;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Illinois Human Rights Act;
- Any Illinois statutory law regarding retaliation/discrimination for filing a workers' compensation claim;
- The Illinois common law claim for retaliation for filing a workers' compensation claim;
- The Illinois Equal Pay Act;
- The Illinois Equal Wage Act;
- The Illinois Wage Payment and Collection Act;

- The Illinois Minimum Wage Law;
- The Illinois One Day Rest in Seven Act;
- The Illinois Eight Hour Day Act;
- The Illinois Family Military Leave Act;
- The Illinois Worker Adjustment and Retraining Notification Act;
- The Illinois Health and Safety Act;
- The Illinois Whistleblower Act;
- The Illinois School Visitation Rights Act;
- The Illinois AIDS Confidentiality Act;
- Illinois Right to Privacy in the Workplace Act;
- The Illinois Genetic Information Privacy Act;
- The Illinois Personnel Record Review Act;
- The Illinois Victims' Economic Safety and Security Act;
- Smoke Free Illinois Act;
- Cook County Human Rights Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

  **b. Claims Not Released.** Plaintiff is not waiving any rights she may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement.

  **c. Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

  **d. Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

 **4. Defendants' Release of Claims.**

  **a. General Release of All Claims.** Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, known

and unknown, asserted or un-asserted, including but not limited to those which Defendants brought or could have brought against Plaintiff in the Lawsuit.

    **b.** **Claims Not Released.** Defendants are not waiving any rights they may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement.

    **c.** **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Defendants from participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (*e.g.* EEOC, NLRB, SEC., etc.).

   **5.** **Indemnification**. Plaintiff agrees to pay all taxes due on the payments made to her. Plaintiff agrees to indemnify and hold the Releasees harmless for the amount of any taxes, penalties or interest that may be assessed by any governmental tax authority against any of the Releasees in connection with such governmental authority's determination that Defendants or any of the other Releasees was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Plaintiff or the Billhorn Law Firm pursuant to this Settlement Agreement. Plaintiff agrees that Plaintiff will indemnify the Released Parties for the full amount of such liability within thirty days after receipt of notice from Defendants or any of the other Released Parties of the assessment of such taxes, penalties or interest.

   **6.** **Acknowledgments and Affirmations**. Plaintiff affirm that Plaintiff has not filed, caused to be filed, or presently are a party to any claim, complaint, or action against Defendants in any forum or form, except the Lawsuit.

   Plaintiff further affirms that Plaintiff has no known workplace injuries or occupational diseases.

   Plaintiff acknowledges that she is solely responsible for any liens made in connection with any services performed on Plaintiff's behalf by any attorney, consultant, health care providers or other third parties.

   Plaintiff further acknowledges and agrees that she will indemnify the Releasees for any and all costs any of them incur as a result of any claims made by attorneys, consultants, health care providers or other third parties to recover monies from the amounts payable to Plaintiff under this Agreement.

   **7.** **Submission to Court for Purposes of Approval of Settlement**. The Parties intend for Plaintiff to waive any and all claims they may have against the Releasees which arise under the FLSA, the IMWL, the Illinois Wage Payment and Collection Act, and the Portal-to-Portal Act, and therefore desire that this Agreement be approved by the Court. Accordingly, the Parties agree to the following:

(a) Following execution of this Agreement, Plaintiff will cause their attorneys to file a Joint Motion for Approval of Settlement and Dismissal of Claims ("Joint Motion");

(b) Drafts of the Joint Motion and a proposed order are attached to this Agreement as Attachments A and B and incorporated herein;

(c) In the event the Agreement is not approved by the Court, this Agreement shall be null and void and no payments shall be made pursuant to the Agreement; and

(d) In the event the Agreement is not approved by the Court, the Parties shall in good faith attempt to cure the reason, or reasons, that the Court declined to approve this Agreement.

**8. Governing Law and Interpretation.** This Agreement shall be governed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

**9. Medicare.** Plaintiff affirms that as of the date she signs this Agreement, she are not Medicare eligible (i.e., are not 65 years of age or older; are not suffering from end stage renal failure; have not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to the Plaintiff under this Agreement, the Plaintiff agrees to (i) indemnify, defend and hold Defendants harmless from any action by CMS relating to the Plaintiff's medical expenses, (ii) reasonably cooperate with Defendants upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which the Plaintiff is required to indemnify Defendants under this paragraph, and (iii) waive any and all future actions against Defendants for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

**10. Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

**11. Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties, or their attorneys, wherein specific reference is made to this Agreement.

    **12.** **Costs and Attorney's Fees**. Except to the extent stated in Paragraph 1 of the Agreement, each Party to the Agreement shall bear his or its own costs and attorney's fees associated with this dispute, as well as the negotiation and preparation of the Agreement.

    **13.** **Fair Meaning**. The language of all parts of this Agreement shall in all cases be construed as a whole according to fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

    **14.** **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements, understandings or obligations between the Parties pertaining to the subjects addressed herein. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

    **15.** **Assignment of Claims**. Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

    **16.** **Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

    **17.** **HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THE CONSIDERATION STATED IN PARAGRAPH 1, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE HER CLAIMS AGAINST RELEASEES IN ACCORDANCE WITH PARAGRAPH 3.**

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

## AUGUSTINA ESTEBAN

By: *Agustina Esteban*
Augustina Esteban

Date: 29/07/2016

## CHI WOON KIM

By: _____
Chi Woon Kim

Date: _____

## SUNNY KIM

By: _____
Sunny Kim

Date: _____

## BARTS & DUNTON CLEANERS, I[L]

By: _____

Name: _____

Title: _____

Date: _____

**AUGUSTINA ESTEBAN**

By:_____
      Augustina Esteban

Date:_____

**CHI WOON KIM**

By: _[signature]_____
      Chi Woon Kim

Date: 7/19/2016

**SUNNY KIM**

By: _[signature]_____
      Sunny Kim

Date: 7/19/2016

**BARTS & DUNTON CLEANERS, INC.**

By: _[signature]_____

Name: CHI W KIM

Title: PRESIDENT

Date: 7/19/2016

# ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **AUGUSTINA ESTEBAN**, on behalf of herself, and all other plaintiffs similarly situated, known and unknown,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>**BARTS & DUNTON CLEANERS, INC. A/K/A REGENCY CLEANERS**, **CHI WOON KIM**, individually, and **SUNNY KIM**, individually,<br><br>　　　　　　　　　Defendants. | No.　　15 CV 9725<br><br>Magistrate Judge Finnegan |

## JOINT MOTION TO APPROVE SETTLEMENT

By and through their respective attorneys of record, the plaintiff and the defendants jointly move this Court to approve their settlement agreement. In support, they state as follows.

1.　　The plaintiff brought the captioned case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*.

2.　　The plaintiff alleged that the defendants violated the FLSA and the IMWL by failing to pay the plaintiff overtime compensation at the time and one-half rate, and by failing to pay the plaintiff at a rate not less than the applicable minimum wage rates.

3.　　The defendants deny that they violated the FLSA, the IMWL and/or any other statutes or laws; and the defendants have alleged defenses that they contend would defeat the plaintiff's claims.

4. In order to avoid the expense and inconvenience of protracted litigation, the parties have reached a settlement agreement after good faith negotiation in the context of a face-to-face settlement conference with counsel and the parties.

5. The parties agree that their settlement constitutes a fair resolution to a bona fide dispute over wage and hour claims asserted by the defendants under the FLSA and the IMWL.

6. In order to effectuate a valid and enforceable release of the defendants' claims for unpaid wages under the FLSA the IMWL and, potentially, other laws, Court approval of the settlement agreement is required. *See O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047 (N.D. Ill. 2002).

7. The parties' fully executed settlement agreements are submitted for inspection as group **Exhibit 1**.

8. Submitted as **Exhibit 2** is a draft order approving the settlement and dismissing the case with prejudice and without costs.

WHEREFORE, the plaintiffs and the defendants jointly pray that this Court will enter the order attached as **Exhibit 2**.

Respectfully submitted,

/s/John W. Billhorn (by permission)  
Attorney for the Plaintiff

Billhorn Law Firm  
53 West Jackson Blvd., Suite 840  
Chicago, IL 60604-3606  
(312) 853-1450

/s/  
Attorney for the Defendants

Paul Luka  
Law Office of Paul Luka, P.C.  
120 S. State Street, Suite 400  
Chicago, IL 60603  
(312) 971-7309

# ATTACHMENT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **AUGUSTINA ESTEBAN**, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br> v. <br><br> **BARTS & DUNTON CLEANERS, INC. A/K/A REGENCY CLEANERS**, **CHI WOON KIM**, individually, and **SUNNY KIM**, individually, <br><br> Defendants. | No. 15 CV 9725 <br><br> Magistrate Judge Finnegan |

## ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement. After participating in a face-to-face settlement conference with counsel and the parties present, the parties and their respective counsel have entered into a settlement agreement that was reduced to writing, executed by the parties and submitted to the Court for review (the "Settlement Agreement"). The Court is familiar with the parties' claims and defenses as well as the terms of the Settlement Agreement.

**IT IS HEREBY ORDERED:**

1. The Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* The Court therefore approves the Settlement Agreement.

2. This case is dismissed, without prejudice, and all parties shall bear their own attorney's fees and costs.

   3. Any party may file a motion to reinstate for the sole purpose of enforcing the parties' settlement agreement, a motion to enforce the parties' settlement agreement, or a motion for additional time to file a motion to reinstate or a motion to enforce the settlement agreement on or before October 31, 2016.

   4. The parties agree and acknowledge that all matters in dispute between them have been resolved by their Settlement Agreement; and the parties may seek to enforce their Settlement Agreement but they may not raise or re-litigate any claims that were asserted, or that could have been asserted, in the pleadings filed in captioned case.

   5. In the event that no motion listed in paragraph 3 is filed on or before October 31, 2016, the case shall be dismissed with prejudice on the next business day and without further order of the Court.

                          **ENTER:**

DATE:_____

                           Hon. Sheila Finnegan
                           United States Magistrate Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **AUGUSTINA ESTEBAN**, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br> Plaintiff, <br> v. <br> **BARTS & DUNTON CLEANERS, INC. A/K/A REGENCY CLEANERS**, **CHI WOON KIM**, individually, and **SUNNY KIM**, individually, <br> Defendants. | No. 15 CV 9725 <br><br> Magistrate Judge Finnegan |

## ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement. After participating in a face-to-face settlement conference with counsel and the parties present, the parties and their respective counsel have entered into a settlement agreement that was reduced to writing, executed by the parties and submitted to the Court for review (the "Settlement Agreement"). The Court is familiar with the parties' claims and defenses as well as the terms of the Settlement Agreement.

**IT IS HEREBY ORDERED:**

1. The Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* The Court therefore approves the Settlement Agreement.

2. This case is dismissed, without prejudice, and all parties shall bear their own attorney's fees and costs.

       3.       Any party may file a motion to reinstate for the sole purpose of enforcing the parties' settlement agreement, a motion to enforce the parties' settlement agreement, or a motion for additional time to file a motion to reinstate or a motion to enforce the settlement agreement on or before October 31, 2016.

       4.       The parties agree and acknowledge that all matters in dispute between them have been resolved by their Settlement Agreement; and the parties may seek to enforce their Settlement Agreement but they may not raise or re-litigate any claims that were asserted, or that could have been asserted, in the pleadings filed in captioned case.

       5.       In the event that no motion listed in paragraph 3 is filed on or before October 31, 2016, the case shall be dismissed with prejudice on the next business day and without further order of the Court.

                                                                           **ENTER:**

DATE:_____

                                                                              Hon. Sheila Finnegan
                                                                              United States Magistrate Judge